**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TIMOTHY ROBERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:11-00117** |
| **v.** | ) | **Judge Sharp / Knowles** |
| | ) | |
| **TENNESSEE DEPARTMENT** | ) | |
| **CORRECTION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before this Court is a "Motion for Summary Judgment and/or Motion to Dismiss" filed by Defendants Tennessee Department of Correction ("TDOC"); Gayle Ray, former TDOC Commissioner; Jennie Jobe, Warden at DeBerry Special Needs Facility ("DSNF"); Debra Johnson, Deputy Warden at DSNF; and Joel McConnell, Health Services Administrator at DSNF. Docket No. 28. Along with their Motion, Defendants have filed a supporting Memorandum of Law, Statement of Material Facts, and the Affidavit of Dennis Davis, Grievance Chairperson at DSNF. Docket Nos. 29-31.

Plaintiff has filed a Response and his own "Statement of Genuine Issues of Material Facts." Docket Nos. 50, 51.

Because the undersigned will consider only the information contained in the Pleadings, the undersigned will analyze Defendants' Motion as a Motion to Dismiss. *See* Fed. R. Civ. P. 12; 56.

1

Plaintiff, a TDOC inmate housed at DSNF, filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. §1983, alleging violations of his Eighth and Fourteenth Amendment Rights.[1] Docket No. 1. Specifically, Plaintiff avers that he needs hip replacement surgery, but that none has been scheduled; that he wrote letters to Defendants notifying them of the situation, but that his surgery was still not scheduled; and that he is being discriminated against because Caucasian inmates get the surgery they need, while he does not. *Id.* Plaintiff sues Defendants in their official and individual capacities.[2] *Id.* Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages, and costs.[3] *Id.*

In their Motion, Defendants argue that: (1) Plaintiff has failed to exhaust his administrative remedies; (2) the Eleventh Amendment bars this action against TDOC; (3) Plaintiff cannot sustain a §1983 claim against them in their official capacities because, as TDOC employees, they stand in the shoes of the State of Tennessee, and a state is not a "person" capable of being sued under §1983, and (4) Plaintiff cannot sustain a §1983 claim against them in their individual capacities because Plaintiff's Complaint lacks sufficient allegations of their

---

[1]Plaintiff subsequently filed a Motion for Leave to Amend Complaint seeking, *inter alia*, to withdraw his allegations of discrimination and his Fourteenth Amendment claim. Docket No. 49. The undersigned granted without opposition Plaintiff's Motion for Leave to Amend Complaint on August 30, 2010. Docket No. 53.

[2]Plaintiff, in his subsequently filed Motion for Leave to Amend Complaint seeks to withdraw his official capacity claim against Defendant Paul Alexander, M.D. Docket No. 49. Defendant Alexander is not a party to the instant Motion. The undersigned granted without opposition Plaintiff's Motion for Leave to Amend Complaint on August 30, 2010. Docket No. 53.

[3]Plaintiff, in his subsequently filed Motion for Leave to Amend Complaint seeks to withdraw his prayer for declaratory and injunctive relief. Docket No. 49. Plaintiff states that he seeks monetary relief only. The undersigned granted without opposition Plaintiff's Motion for Leave to Amend Complaint on August 30, 2010. Docket No. 53.

2

personal involvement in the conduct that allegedly violated Plaintiff's rights. Docket Nos. 28, 30. Accordingly, Defendants maintain that Plaintiff cannot sustain his claims against them, and that they should be dismissed. *Id.*

Plaintiff, in his Response, admits that the Eleventh Amendment bars this action against TDOC, and asks that this claim be "hereby withdrawn through an amendment to this cause of action." Docket No. 50. *See also*, Docket No. 49.

With regard to his official capacity claims against Defendants, Plaintiff, in his Response, also admits that Defendants in that capacity have Eleventh Amendment immunity from suit and are not "persons" subject to suit under §1983. *Id.* Plaintiff, therefore, asks that his official capacity claims against Defendants likewise be "hereby withdrawn through an amendment to this cause of action." *Id.*

With respect to his individual capacity claims against Defendants, Plaintiff argues that the letters that he wrote and sent to each Defendant provided each Defendant with sufficient notice that his rights were being violated, such that their failure to remedy the situation is sufficient to impose liability upon them. *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II. Facts

The allegations of Plaintiff's Complaint, pertaining to the instant Defendants, are as follows:

> On November the 18, 2010, the plaintiff wrote a letter to Dr. Alexander requesting a consultation to discuss why there was to be no surgery and further to hear this information from him that his request to have the surgery performed was denied. On that same day, November 18, 2010, the plaintiff wrote letters to Warden

3

Jennie Jobe and Deputy Warden Debra Johnson, expressing his concern about his physical health and medical problem and further his right to be treated equally as any other inmate. Also a letter was forwarded to Commissioner of Operations, Gayle Ray by and through the plaintiff's sister Mrs. Dorothy Emerson who resides in Milan, Tennessee. After a response from Deputy Warden Johnson, She forwarded the plaintiff's concerns to the Health Administrator, Tim McConnell. Approximately, December 16, 2010, the plaintiff was called to go to the Specialty Clinic to be examined by Dr. Baker, whom is a resident at Vanderbilt Medical Hospital and an Orthopedic specialist. . . .

[U]pon information and belief, the defendants have approved numerous surgical procedures for inmates of different racial nationalities that is opposite of that of the plaintiff's. . . . Upon information and belief, the defendants have incurred hospital bills ranging in the millions on one particular inmate alone at this facility. . . . The defendants only care attributed to the plaintiff is to pump him full of generic medicine that does no more than make his physical defect worse without **adequate** treatment. . . .

Docket No. 1 (boldface in original).

### III. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim

upon which relief can be granted. In order to state a claim upon which relief can be granted, a

complaint must contain either direct or inferential allegations respecting all material elements to

sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.

2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not

suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a

legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955,

1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the

speculative level"; they must "state a claim to relief that is plausible on its face."  *Id*. At 1965,

1974.  *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th

Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate

standard that must be applied in considering a Motion to Dismiss for failure to state a claim.  *See*

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009).  The *Iqbal* Court stated in part as

follows:

> Two working principles underlie our decision in *Twombly*.  First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of the cause of action,
> supported by mere conclusory statements, do not suffice . . . . Rule
> 8 marks a notable and generous departure from the hyper-
> technical, code-pleading regime of a prior error, but it does not
> unlock the doors of discovery for plaintiff armed with nothing
> more than conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss . . . .
> Determining whether a complaint states a plausible claim for relief
> will, as the Court of Appeals observed, be a context-specific task
> that requires the reviewing court to draw on its judicial experience
> and common sense. . . . But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" -
> "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## B.  42 U.S.C. § 1983

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983.

*See* Docket No. 1.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction

5

> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S.

42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct.

1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams*,

474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,*

436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of

acting under color of state law requires that the defendant in a § 1983 action have exercised

power "possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v.*

*Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## C.  The Case at Bar

As discussed above, Plaintiff wishes to withdraw his claims against TDOC, and his

official capacity claims against Defendants.

With regard to Plaintiff's individual capacity claims against Defendants, Plaintiff is

unable to sustain those claims because he sues as Defendants the former TDOC Commissioner,

the Warden, the Deputy Warden, and the Health Services Administrator, and § 1983 does not

permit the imposition of liability based upon *respondeat superior*.  *Polk County v. Dodson*, 454

U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981).  *See also, Monell v. Dep't of Soc.*

*Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections*

6

*Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendants to be held liable in their individual capacities, Plaintiff must demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

Plaintiff has withdrawn his Fourteenth Amendment claims regarding the allegedly discriminatory manner in which surgeries are approved or denied for DSNF inmates. Thus, the Court will not address these claims.

With regard to Plaintiff's Eighth Amendment deliberate indifference claim, Plaintiff acknowledges in his Complaint that he has seen multiple physicians regarding his hip, has undergone diagnostic testing, and has received medication. *See* Docket No. 1. Plaintiff apparently has not received the care that he desires. But the Eighth Amendment does not guarantee prisoners the medical care of their choice. Plaintiff's Complaint establishes that he has been receiving medical care; Plaintiff's Complaint, therefore, establishes that his Eighth

Amendment rights have not been violated.

Moreover, Plaintiff's Complaint demonstrates that, after Plaintiff's sister forwarded Plaintiff's letter to Commissioner Ray, his sister received a response from Deputy Warden Johnson, notifying her that Plaintiff's concerns had been forwarded to the Health Administrator. Soon thereafter, Plaintiff was examined by another orthopedic specialist. Plaintiff's Complaint therefore establishes that these Defendants took action regarding Plaintiff's concerns.

Plaintiff's Complaint also fails to establish the requisite causal connection between the personal actions of each Defendant and the alleged violation of his rights. Given the allegations of Plaintiff's Complaint, he cannot sustain his individual capacity claims against Defendants.

## IV. Conclusion

For the forgoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.[4]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[4]Paul Alexander, M.D., is not a party to the instant Motion and remains a Defendant in this action.

8

_____

E. CLIFTON KNOWLES
United States Magistrate Judge