# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY ROBERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-0117** |
| | ) | **Judge Sharp** |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

In response to the "Motion for Summary Judgment and/or Motion to Dismiss" (Docket No. 28) filed by Defendants Tennessee Department of Correction ("TDOC"), Gayle Ray, former TDOC Commissioner, Jennie Jobe, Warden at DeBerry Special Needs Facility ("DSNF"), Debra Johnson, Deputy Warden at DSNF, and Joel McConnell, Health Services Administrator at DSNF, the Magistrate Judge issued a Report and Recommendation ("R & R") (Docket No. 59) in which he recommends that the claims against those Defendants be dismissed. Noting that Plaintiff has agreed to dismiss his Fourteenth Amendment discrimination claim, his claim against TDOC, his official capacity claims, and his request for both injunctive and declaratory relief (Docket No. 49), the Magistrate Judge recommends dismissal of those claims on that basis. The Magistrate Judge also recommends dismissal under Fed. R. Civ. P. 12(b)(6) of the Eighth Amendment deliberate indifference claim against the individual Defendants because Section 1983 does not allow for *respondeat superior* liability, Plaintiff has not "demonstrate[d] that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights," Plaintiff acknowledges in his Complaint that he has received medical care, and the letters he sent to

Defendants prompted a response.  (Docket No. 7).

Plaintiff has filed Objections (Docket No. 62) to the R & R in which he objects solely to the recommended dismissal of his deliberate indifference claim.  Having undertaken the *de novo* review required by Rule 72(b)(3) and considering the standard of review for dismissals under Fed. R. Civ. P. 12(b)(6), the Court concludes that Plaintiff has sufficiently pled a deliberate indifference claim against Defendants.

In considering a Motion to Dismiss, the Court is to construe the Complaint in the light most favorable to Plaintiff, accept the Complaint's allegations as true, and draw all reasonable inferences in favor of Plaintiff.  DirecTv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). Additionally, "[t]he pleadings of pro se [plaintiffs] are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted."  Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (citing, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Nevertheless, in order to survive a motion to dismiss, the factual allegations in the Complaint must "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).   That is, the Complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  Id. at 1974.  In making the evaluation, the Court is limited to the Complaint and exhibits attached thereto.  Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).

In this case, Plaintiff alleges that, in August of 2009, while housed at DSNF, it was determined that the cartilage in his hip "was worn down to the bone," and that, a month or so later, "it was determined that it was necessary that hip replacement surgery be performed."  (Docket No.

1 at 2).  Plaintiff claims that after that diagnosis and recommendation, he repeatedly asked Dr. Paul

Alexander (who is not a party to the present motion) when he would receive surgery.  Fifteen

months after the initial suggestion that surgery was necessary, Dr. Alexander told Plaintiff that his

request for surgery would be denied.  Plaintiff alleges that due to the lack of surgery, he "suffers

daily with extreme pain," and "suffers from the lack of ability to do everyday things such as tying

his shoes, washing his feet, putting on his clothes, taking an adequate shower, using the toilet, and

even getting proper exercise."  (Id. at 4).

With respect to the Defendants who have moved for dismissal, Plaintiff generally claims that

they were in charge of the  "overall operation of" TDOC and/or were responsible for the operation

of DSNF and the "safety and welfare" of the inmates housed therein.  (Id. at 2).  More specifically,

Plaintiff alleges:

> On November the 18, 2010, the plaintiff wrote a letter to Dr. Alexander
> requesting a consultation to discuss why there was to be no surgery and further to
> hear this information from him that his request to have the surgery performed was
> denied.  On that same day, November 18, 2010, the plaintiff wrote letters to Warden
> Jennie Jobe and Deputy Warden Debra Johnson, expressing his concern about his
> physical health and medical problem and further his right to be treated equally as any
> other inmate.  Also a letter was forwarded to Commissioner of Operations, Gayle
> Ray by and through plaintiff's sister Mrs. Dorothy Emerson who resides in Milan,
> Tennessee.  After a response from Deputy Warden Johnson, [s]he forwarded the
> plaintiff's concerns to the Health Administrator, Tim McConnell.  Approximately,
> December 16, 2010, the plaintiff was called to go to the Specialty Clinic to be
> examined by Dr. Baker, whom [sic] is a resident at Vanderbilt Medical Hospital and
> an Orthopedic specialist.  Dr. Baker stated that the plaintiff's hip was in really bad
> condition and that surgery should have already been performed because of the
> damage and condition of the injury and further that the injury is considerably worse
> than that of the first x-ray that was done in 2009.  Dr. Baker further stated that he is
> sending in his own request to have the surgery performed.

(Id. at 3).  As of the time of filing his Complaint on February 9, 2011, Plaintiff had not received

surgery.[1]

Admittedly, the foregoing allegations are somewhat sparse and, in some ways, raise more questions than they answer. For example, the letters sent to Defendants could have been very detailed and could have set forth the history surrounding Plaintiff's medical complaint and the pain he allegedly suffered on a daily basis. On the other hand, the letters may have been lacking in any detail and may have been insufficient to give Defendants' notice of the basis for Plaintiff's complaint. Further, the Court has no way of knowing what Defendants' response to the complaints were. While Plaintiff alleges that within a month of sending the letters he was seen at the Vanderbilt Medical Center, unanswered is whether that was a result of Defendants' action in response to the letters, whether a response was even necessary and/or whether any delay was warranted given the information that Defendants may have received.

"Factual allegations in a complaint must at least reasonably suggest" the "essential element of a claim." Garner v. City of Cuyahoga Falls, 311 Fed. Appx. 896, 901 (6th Cir. 2009) (quoting Twombly, 127 S.Ct. at 1966)). "A prisoner has adequately stated a cause of action 'when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury.'" Scott v. Ambani, 577 F.3d 642, 648 (6th Cir. 2009) (citation omitted).

Here, when the Complaint is construed liberally and all allegations are viewed in a light most favorable to Plaintiff, Plaintiff has set forth sufficient allegations to establish a plausible claim that Defendants were deliberately indifferent to a serious medical need. Proving that, of course, is an

---

[1] The record suggest that Plaintiff may have received hip replacement surgery in April 2011. (Docket No. 32).

entirely different matter but, for present purposes, the factual allegations are sufficient to allow the factual record to be developed.

Accordingly, the Court hereby enters the following rulings:

(1) The R & R (Docket No. 59) is ACCEPTED to the extent that it recommends dismissal of Plaintiff's Fourteenth Amendment discrimination claim, his claim against TDOC, his official capacity claims, and his request for both injunctive and declaratory relief, and those claims are DISMISSED WITH PREJUDICE. The R & R is REJECTED insofar as it recommends dismissal of Plaintiff's Eighth Amendment deliberate indifference claim brought under 42 U.S.C. § 1983;

(2) Plaintiff's Objections to the R & R are SUSTAINED to the extent that Plaintiff objects to the dismissal of his deliberate indifference claim;

(3) Defendants' "Motion for Summary Judgment and/or Motion to Dismiss" (Docket No. 28) is GRANTED with respect to Plaintiff's Fourteenth Amendment discrimination claim, his claim against TDOC, his official capacity claims, and his request for both injunctive and declaratory relief, but DENIED with respect to Plaintiff's Eighth Amendment deliberate indifference claim; and

(4) This case is returned to the Magistrate Judge for further pretrial case management.

It is SO ORDERED.

_Kevin H. Sharp_
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE