IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-0117 |
| | ) | JUDGE SHARP/KNOWLES |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a "Motion for Leave of the Court to File an Amended Complaint," filed by the pro se Plaintiff. Docket No. 85. Defendants have filed a Response in Opposition to the Motion (Docket No. 86), and Plaintiff has filed an "Objection to Defendant's Response" (Docket No. 89).

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, filed this pro se, in forma pauperis action against six Defendants, alleging violations of 42 U.S.C. § 1983. Plaintiff essentially complains that he was denied needed hip replacement surgery. Docket No. 1. Plaintiff's Complaint was filed February 9, 2011. More than a year later, on February 22, 2012, Plaintiff filed the instant Motion for Leave to Amend.

Plaintiff has not submitted a proposed Amended Complaint, but the only proposed amendment set forth in the Motion is as follows: "Plaintiff seeks to include as an amendment,

five years aftercare as relief due to the damage."[1]  Docket No. 85, p. 2.

Defendants argue that the Motion is unnecessary and moot and that it was filed five (5) months after the deadline for Motions to amend the pleadings.  Defendants state that Plaintiff is serving a life sentence in the custody of TDOC and that he "will undoubtedly receive much more than five years of medical care/treatment, or "aftercare," for his osteoarthritis and/or osteocrenosis."  Docket No. 86, p. 2.  Defendant further argues that Plaintiff has not shown good cause for his failure to file the instant Motion prior to the expiration of the deadline for filing Motions to amend the pleadings, which was September 21, 2011.  Docket No. 86, p. 2 *referencing Docket No. 46.*

In his "Objection," Plaintiff argues that the length of his sentence "is in current litigation and therefore should also be rejected as prejudicial in the litigation of this suit."  Docket No. 89, p. 3.  Plaintiff argues that there is cause for an untimely amendment because Plaintiff "can show and prove a genuine issue of material fact that requires a trial by jury."

The Motion is untimely by approximately five (5) months, and Plaintiff has not shown good cause for a revision of the Scheduling Order.  Fed. R. Civ. P. 16(b)(4) ("A schedule [in a scheduling order] may be modified only for good cause and with the judge's consent.").   For the foregoing reasons, the instant Motion (Docket No. 85) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

---

[1] The Court notes that Plaintiff initially sought injunctive relief in this original Complaint, which might have been broad enough to encompass the "aftercare" he desires. Docket No. 1, p. 6.  Plaintiff, however, subsequently filed a Motion to amend his original Complaint in which he moved "to withdraw any claims for declaratory and injunctive relief." Docket No. 42, p. 2.  The Court granted that Motion without opposition.  Docket No. 53.

2

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge