RECEIVED
IN CLERK'S OFFICE

MAY   4 2012

U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY ROBERSON
  Plaintiff

v.            Case No. 3:11-cv-00117

TENNESSEE DEPARTMENT
OF CORRECTIONS et. al.
  Defendants

---

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

COMES NOW PLAINTIFF, Timothy Roberson, pro se, as an indigent incarcerated litigant and files his response and objections to the Defendant's motion for summary judgment. For the following reasons and facts Plaintiff respectfully move this Honorable Court to reject the Defendants motion and allow this cause to proceed for pre trial management.

Defendants Gayle Ray, Jennie Jobe, Debra Johnson, and Joe T. McConnell base their motion for summary judgment on the Plaintiff allege failure to exhaust administrative remedies *(D.E.# 30 at 4; D.E. # 95 at 12)*. Defendants allege Plaintiff is unable to show defendants were personally involved in any alleged violation of Plaintiff constitutional rights *(D.E. # 30 at 5; D.E # 95 at 4)*, and that Plaintiff is unable to show Defendants were deliberately indifferent to Plaintiff's serious medical needs *(D.E. # 30 at 7; D.E. # 95 at 6-12)*.

1

Defendant Dr. Paul Alexander alleges that as an African American male, he entitled to summary judgment on Plaintiff's equal protection claim *(D.E. # 112-1 at 2)*. Further that because this case is governed by the Eighth Amendment, the Fourteenth Amendment does not apply *(D.E. # 112-1 at 3)*, and Plaintiff has failed to state a claim in an official capacity *(D.E. # 112-1 at 4)*.

OBJECTION

Plaintiff objects to Defendants Gayle Ray, Jennie Jobe, Debra Johnson, and Joe T. McConnell motion for summary judgment as an unreasonable attempt to appeal the decision of this Court's Order sustaining Plaintiff objection to the magistrate report and recommendation *(D.E.# 76)*. Further the issues raised by defendants have been waived and/or previously determined *(D.E. # 28-31; D.E. # 49-51; D.E. # 59; D.E. # 62; and D.E. # 76)*

Plaintiff objects to Defendant Dr. Paul Alexander's motion on the ground that all claims raised by Dr. Paul Alexander have been withdrawn without opposition *(D.E. # 53)*, except the Eighth Amendment deliberate indifference under 42 U.S.C. § 1983 *(D.E. # 49; D.E. # 53; D.E. # 76)*.

I. ANALYSIS

A. Motion for Summary Judgment

Under the summary judgment standard, the Supreme Court stated in *Matsushita Radio Corp. Elec. Indus. Co. v. Zenith, 475, 587, 106 S.Ct 1348, 89 L.Ed.2d 538 (1986)* a fact is "material" if under the applicable substantive law, it is "essential to the disposition

2

of the claim". Id *(citing )Anderson v. Liberty Lobby Inc. 477 U.S. 242, 248, 106 S.Ct.*

*2505 m 91 L.Ed.2d 202 (1986).* An issue of fact is "genuine" if there is sufficient

evidence on each side so that a rational trier of fact could resolve the issue either way." Id

*(citing Anderson, 477 U.S. at 248, 106 S.Ct. 2505). Fed. R. Civ. P. 56 (c).*

B. 42 U.S.C. § 1983

To sustain an action under section 1983, a Plaintiff must show (1) that the conduct

complained of was committed by a person acting under color of state law; and (2) that the

conduct deprived the Plaintiff of a constitutional right, *Parrat v. Taylor, 451 U.S.*

*527,535, 101 S.Ct. 1908, 1912, 67 L.Ed.2d 470 (1981). In Helling v. McKinney, 509 U.S.*

*25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993),* the Court observed. "That the Eighth

Amendment protects against future harm to inmates is not a novel provision. "factual

allegations in a complaint must at least reasonably suggest " the "essential elements of a

claim" *Garner v. City of Cuyahoga, 311 Fed. Appx. 896, 901 (6th Cir. 2009) (quoting*

*Twombly, 127 S.Ct at 1966).* "a prisoner has adequately stated a cause of action" when he

alleges that prison authorities have denied reasonable request for medical treatment in the

face of a obvious need for such attention where the inmate is thereby exposed to undue

suffering or the threat of tangible residual injury" *Scott v. Ambani, 577 F.3d 642. 648 (6[th]*

*Cir. 2009) (citation omitted).*

The legal elements of an Eighth Amendment deliberate indifference claim include

proof of a defendant's sufficiently culpable state of mind, which may include proof of

motive, *Burton v. Jones, 321 F.3d 569 (6th Cir. 2003),* "a determination of deliberate

3

indifference does not require proof of intent to harm or a detailed inquiry into his state of mind "as to the facts giving rise to a party's deliberate indifference. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference.

Actual physical injury due to indifference is unnecessary. Unnecessary suffering is sufficient for Eighth Amendment purposes, *Boretti v. Wiscomb, 930 F.2D 1150 (6th Cir. 1991) (citing Estelle, 429 U.S. at 103, 97 S.Ct. 285)*. Similarly, the fact of recovery or healing of a wound does not preclude an Eight Amendment claim. Id. In *Boretti*, the fact that a wound healed does not mean that an interruption in a prescribed plan of treatment could not sustain an Eighth Amendment claim even in the absence of an actual injury Id at 1154. In *Parrish v. Johnson, 800 F.2d 600, 610-11 (6th Cir. 1986)*, a physical injury was not required in order to state an Eighth Amendment claim for deliberate indifference to a serious need. Conduct that causes "severe emotional distress is sufficient". Id.

Deliberate indifference can also be demonstrated by delays in providing access to medical care or recommended surgery for prisoners which can state an Eighth Amendment violation for deliberate indifference to a serious medical problem, *Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir. 1983); Fitze v. Shappell, 486 F.2d 1072, 1076 (6th Cir. 1972); Bunton v. Englemyre, 557 F.Supp. 1 E.D. Tenn. (1981)*.

Deliberate indifference can be demonstrated by interference with medical judgment by non medical factors, *West v. Atkins, 487, U.S. S.Ct. 2250 (1988)*. The

4

Eighth Amendment does not protect against every unnecessary deprivation suffered by a prisoner, but rather "only that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillian, 503 U.S. 1, 20, 112 S.Ct 995, 117 L.Ed.2d 156 (1992)*. The standard is not whether there is something easy that the doctors, with the benefit of hindsight, could have done. It is whether they knew of and disregarded an excessive risk to inmate health or safety, *Williams v. Mehra, 186 F.3d 685, 692 (6th Cir. 1999)*.

The Case at Bar

With regard to the individual capacity claims against the Defendants, Plaintiff is able to sustain those claims under the Eighth Amendment deliberate indifference to a serious medical need. The defendants claim Plaintiff received extensive medical treatment *(D.E. # 95 at 3)*. However, the standard under the Eighth Amendment is whether prison officials knew of and disregarded and excessive risk to inmate health or safety. Plaintiff complaint demonstrate that he had a serious injury that caused him severe pain and deteriorating health *(D.E. # 1 at 2-4); Plaintiff Exhibit # 1)*. Dr. Paul Alexander was advised that although there was virtually no joint space and cyst formation in Plaintiff left hip, that a low cost treatment of prescribing Lodine to manage pain would be the plan of treatment for Plaintiff's serious medical condition *(D.E. # 1 at 2; Plaintiff Exhibit # 1)*. The plaintiff was prescribed Tylenol by Defendant Dr. Paul Alexander *(Plaintiff Exhibit # 2)* for pain instead of the recommended pain medication, Lodine *(Plaintiff Exhibit # 1)*

5

recommended by Dr. Alexander Chenowitz *(Plaintiff Exhibit # 1)*. Dr. Paul Alexander discontinued the recommended pain medication Lodine *(Plaintiff Exhibit # 2)*. Contrary to Dr. Paul Alexander that no necessary medical care was denied due to cost *(D.E # 112-2 at 4 at 22 declaration of Dr. Paul Alexander)*, the evidence show that the low cost plan of treatment *(Plaintiff Exhibit # 1)* exposed Plaintiff to further destruction of his already damaged hip *(Plaintiff Exhibit # 6)*.

Dr. Paul Alexander waited over a year (November 4, 2010) to request total hip replacement surgery *(Plaintiff Exhibit # 5 D.E. 112-2 at 3 at 15)* that Dr. Limbird recommended on October 15, 2009 *(Plaintiff Exhibit # 3&4)*. The decision to delay the necessary surgery in contradiction of Dr. Alexander that this was a sound medical reason due to Plaintiff age *(D.E. # 112-2 at 2 at 13 declaration of Dr. Paul Alexander)* was grossly inadequate due to the severity of Plaintiff's injury *(D.E. # 1 at 2;Plaintiff Exhibit # 6&8)* and the motive of the Defendants *(Plaintiff Exhibit. # 1)*. Even after the Plaintiff hip surgery was approved (December 28, 2010) *(Plaintiff Exhibit # 9&10; D.E. # 112-2 at 3at 16 declaration of Dr. Paul Alexander)*, the defendants continued the low cost plan of treatment because the Plaintiff was not admitted to Summit Medical Center until four (4) months (April 25, 2011) (D.E. 112-2 at 3 at 18; D.E. at # 30; D.E. # 33; D.E. # 51 at 5 at 25-27) , after the approval for total hip replacement *(D.E. # 112-2 at 3 at 18 declaration of Dr. Paul Alexander;Plaintiff Exhibit 9 &10)*.

The defendants low cost plan of treatment resulted in continued severe pain and suffering and further deterioration of plaintiff health and safety *(D.E # 1 Complaint at 4 Plaintiff Exhibit # 6 & 8)*.

6

Plaintiff complaint establishes the requisite causal connection between the personal actions of each defendant and the alleged violation of his rights. Given the facts of Plaintiff complaint and attachments he is able to sustain his claims against defendants.

## CONCLUSION

For the foregoing reasons, the Plaintiff pray this Honorable Court sustain the Plaintiff objection and response to the Defendants motion for summary judgment.

Respectfully submitted,

Timothy Roberson Pro Se
D. S. N. F.
7575 Cockrill Bend Blvd.
Nashville, Tennessee
37209

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion has been served upon Mr. Dale Conder Jr. to his office in Jackson, Tennessee and to the Assistant Attorney General Lee Pope to his office in Nashville, Tennessee by mailing via the United States mail, first class postage prepaid, a true and exact copy of the same on this the 3rd day of May 2012.

By:

Pro Se

7

Mr. Jim Roberson #244376
D.S.N.F.
7575 Cockrill Bend Blvd.
Nashville, Jn.
37209

   

THE DEPT OF CORRECTIONS
HAS NEITHER CENSORED NOR
INSPECTED THIS ITEM. THEREFORE
DOES NOT ASSUME RESPONSIBILITY
FOR ITS CONTENT.

RECEIVED
IN CLERK'S OFFICE
MAY 4 2012
U.S. DISTRICT COURT
MID. DIST. TENN.

Office of the Clerk
U.S. District Court
801 Broadway, Suite 800
Nashville, Jn.
37203



LEGAL MAIL