UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY ROBERSON, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 3:11-cv-00117 |
| v. | ) ) Judge Sharp |
| TENNESSEE DEPARTMENT, CORRECTION, *et al.*, | ) Magistrate Judge Knowles ) ) |
| Defendants. | ) |

## ORDER

*Pro se* Plaintiff, a Tennessee Department of Correction ("TDOC") inmate, housed at DeBerry Special Needs Facility ("DSNF"), filed suit against TDOC, Gayle Ray, former TDOC Commissioner, Jennie Jobe, Warden at DSNF, Debra Johnson, Deputy Warden at DSNF, Joel McConnell, Health Services Administrator at DSNF, and Dr. Paul Alexander, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights. (Docket Entry No. 1).

Plaintiff filed a *Motion for Leave to File an Amended Complaint this Lawsuit Seeks Money Damages Only* [sic] on August 2, 2011, agreeing to dismiss his Fourteenth Amendment discrimination claim, his claim against TDOC, his official capacity claims, and his request for both injunctive and declaratory relief. (Docket Entry No. 49). Based on the foregoing, in a Report and Recommendation ("R & R") issued on October 31, 2011, the Magistrate Judge recommended dismissing those claims. (Docket Entry No. 59). The undersigned concurred, and therefore dismissed the claims with prejudice – leaving only Plaintiff's Eighth Amendment deliberate indifference claim for the Court's consideration as to all Defendants. (Docket Entry No. 76).

1

Presently pending before the Court are two motions for summary judgment addressing the remaining Eighth Amendment claim. *See* (Docket Entry Nos. 94 and 112).[1] Plaintiff filed a response in opposition addressing both motions. (Docket Entry No. 118).

The Magistrate Judge entered Report and Recommendation ("R & R") (Docket Entry No. 147) addressing said motions in this case on January 2, 2013, concluding,

> Because Defendants Ray, Jobe, Johnson, and McConnell were not personally involved in any decision regarding Plaintiff's medical care or hip replacement surgery, they cannot be held liable under a deliberate indifference Eighth Amendment claim.
>
> ***
>
> With regard to Defendant Alexander, it is undisputed that Defendant Alexander: (1) was the Medical Director at DSNF; (2) provided care to Plaintiff; (3) never refused to make a request for Plaintiff to see an orthopedic surgeon; (4) never refused to make a request for necessary surgery; (5) never refused to provide medical treatment to Plaintiff; (6) never refused necessary medical care to an inmate because of cost; (7) does not have the authority to approve surgery requests or schedule surgery, but can only make the surgery request, and once surgery requests are approved, he has no involvement in scheduling the surgeries; (8) submitted a request for Plaintiff to be seen by an orthopedic surgeon; and (9) submitted a request for a total hip replacement. It is also undisputed that Plaintiff received a total hip replacement on April 25, 2011.
>
> It is further undisputed that no member of the DSNF medical staff refused to provide Plaintiff with medically necessary treatment, and that the medical care Defendant Alexander provided to Plaintiff met the recognized standard of acceptable professional practice for physicians practicing in Tennessee's prisons. Accordingly, Plaintiff likewise cannot sustain his Eighth Amendment deliberate indifference claim against Defendant Alexander.

---

[1] Defendants Gayle Ray, Jennie Jobe, Debra Johnson, and Joel McConnell filed a *Motion for Summary Judgment*, asserting Plaintiff is unable to show (1) Defendants were personally involved in any alleged violation of Plaintiff's constitutional rights; (2) Defendants were deliberately indifferent to Plaintiff's medical needs; and (3) Plaintiff failed to properly exhaust all available administrative remedies as required by Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Docket Entry No. 94).

Defendant Alexander also filed a *Motion for Summary Judgment*. (Docket Entry No. 112). Although Defendant Alexander brought the motion under the pretense that all claims were still outstanding, the Court will only consider his Eighth Amendment deliberate indifference argument (since the other claims were addressed and dismissed by previous Court Order). *See* (Docket Entry Nos. 49, 53, 59 and 76).

(*Id.* at 10-11). The Magistrate Judge concluded there are no genuine issues as to material fact, and Defendants are entitled to judgment as a matter of law. Therefore, recommending the motions for summary judgment be granted. (*Id.*). Plaintiff filed a timely objection to which Defendants filed responses. *See* (Docket Entry Nos. 150-153).

Having reviewed the matter *de novo* in accordance with Federal Rule of Civil Procedure 72(b), the Court will overrule Plaintiff's objections and accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 147) is hereby ACCEPTED and APPROVED, and Plaintiff's objections thereto (Docket Entry No. 150) are hereby OVERRULED;

(2) Defendants' motions for summary judgment (Docket Entry Nos. 94 and 112) are hereby GRANTED;

(3) *Plaintiff's Motion for Continuance to Obtain Affidavits, Depositions, and Additional Discovery* (Docket Entry No. 129), *Plaintiff [sic] Motion to Amend Scheduling Order* (Docket Entry No. 135), *Plaintiff [sic] Motion to Compel Discovery* (Docket Entry No. 136), and *Plaintiff [sic] Motion for Issuance of Subpoenas Duces Tecum* (Docket Entry No. 144) are therefore DENIED as moot; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE